UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ALAN PERLMAN and TRACY, ) 
GYLLENHAMMER, ) NO. **CV-10-051-LRS**
   Plaintiffs, )
)
    v. ) **ORDER DENYING**
) **MOTION FOR RECONSIDERATION**
JACKSON HEWITT INC., )
)
   Defendant. )

  **BEFORE THE COURT** is the Plaintiffs' "Motion For Reconsideration, Certification To The Washington Supreme Court Or For Interlocutory Appeal" (Ct. Rec. 33). The motion is heard without oral argument.

  Plaintiffs seek reconsideration of this court's July 30, 2010 "Order Transferring Venue" (Ct. Rec. 29). This court found venue was improper in the Eastern District of Washington because of enforceable forum selection clauses in the parties' franchise agreements. Pursuant to 28 U.S.C. Section 1406(a), this court transferred this action to the U.S. District Court for the District of New Jersey, Newark Division.[1]

  While this court believed its immediate transfer of the action to the District of New Jersey was more preferable to the parties than a dismissal, it appears that it has resulted in this court losing jurisdiction to entertain Plaintiffs' motion. The

---

[1] The transfer was effectuated *sua sponte* since the Defendant had not requested a transfer, but a dismissal pursuant to Fed. R. Civ. P. 12(b)(3).

**ORDER DENYING MOTION
FOR RECONSIDERATION -**   **1**

consensus in the Ninth Circuit Court of Appeals is that once transfer has been granted and the file docketed with the new district, the transferor court loses jurisdiction. *NBS Imaging Systems, Inc. v. United States Dist. Ct. for the Eastern Dist. of Cal.*, 841 F.2d 297, 298 (9th Cir. 1998); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997); *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987); and *In re Donald*, 328 B.R. 192, 197 (B.A.P. 9th Cir. 2005). While *NBS*, *Wilson*, and *Lou* all involved convenience transfers pursuant to 28 U.S.C. Section 1404(a), there appears to be no reason why the rule should be any different with regard to a Section 1406 transfer (improper venue). Indeed, *In re Donald* involved a transfer for improper venue, albeit under 28 U.S.C. Section 1412 instead of Section 1406.

Here, the transfer was granted on July 30, and on August 2, 2010, the file was docketed in the District of New Jersey under case number CV-10-03900-KSH-PS. Plaintiffs' motion for reconsideration was not filed until August 11 (Ct. Rec. 30).[2] Accordingly, this court does not have jurisdiction to entertain Plaintiff's motion for reconsideration, certification to the Washington Supreme Court, or certification of interlocutory appeal to the Ninth Circuit Court of Appeals.

Even if it did have jurisdiction, however, this court would not reconsider its order. A Fed. R. Civ. P. 59(e) motion for reconsideration can only be granted when a district court: (1) is presented with newly discovered evidence; or (2) committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003). Plaintiffs present no newly discovered evidence, nor do they cite to an intervening change in controlling law. Furthermore, the court does not believe its decision constitutes a "clear error" or that it is

---

[2] An Amended Motion was filed on August 12 (Ct. Rec. 33).

**ORDER DENYING MOTION FOR RECONSIDERATION -    2**

"manifestly unjust." In their motion for reconsideration, Plaintiffs offer essentially the same argument presented in their response to Defendant's motion to dismiss for improper venue. That argument was already considered by this court prior to its determination that venue was improper in the Eastern District of Washington, thereby necessitating a transfer to the District of New Jersey. Plaintiffs contend "it is likely other franchisors in both federal and state cases will use this Court's ruling in subsequent efforts to force Washington franchisees to litigate FIPA disputes in remote venues dictated by franchisors utilizing their unequal bargaining power." In their response to Defendant's motion to dismiss, Plaintiffs did not specifically assert the forum selection clauses were the result of "unequal bargaining power." This court specifically found no evidence of fraud, undue influence, or overreaching on the part of the Defendant. (Ct. Rec. 29 at p. 5). In its "Order Transferring Venue" (Ct. Rec. 29 at p. 6), this court stated that if it "could simply pick the most convenient venue based on all relevant considerations affecting each party, the result herein would likely be different." This was a reference to a possible outcome employing a Section 1404(a) convenience analysis and was not intended to reflect any equivocation regarding the court's conclusion that venue was improper under a Section 1406(a) analysis.

In light of the foregoing analysis, Plaintiff's request for certification of legal issues to the Washington Supreme Court need not be addressed. However, given prior case law on related issues, it is unlikely such a request would have been granted.

An order transferring an action under either Section 1404(a) for convenience, or Section 1406(a) for improper venue, is a non-appealable interlocutory order. *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 951 (9th Cir. 1968). Appellate review may only be sought by petition for writ of mandamus or by requesting the district court for permission to file an interlocutory

**ORDER DENYING MOTION FOR RECONSIDERATION -    3**

appeal pursuant to 28 U.S.C. Section 1292(b). While this court no longer has jurisdiction to certify an interlocutory appeal pursuant to Section 1292(b), the Plaintiffs are not precluded from petitioning the Ninth Circuit Court of Appeals for a writ of mandamus, notwithstanding that the transfer has already been completed. *NBS*, 841 F.2d at 297 ("[w]e have long held that in extraordinary circumstances involving a grave miscarriage of justice, we have power via mandamus to review an order transferring a case to a district court in another circuit").

    Plaintiffs' "Motion For Reconsideration, Certification To The Washington Supreme Court Or For Interlocutory Appeal" (Ct. Rec. 33) is **DENIED**.

    **IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel of record.

    **DATED** this   10th   day of September, 2010.

                        *s/Lonny R. Suko*
                       LONNY R. SUKO
              Chief United States District Court Judge

**ORDER DENYING MOTION FOR RECONSIDERATION -**     4